Form OSWD4 (06/14)

**United States Bankruptcy Court**
**Western District of Michigan**
One Division Ave., N.
Room 200
Grand Rapids, MI 49503

---

**IN RE:** Debtors (names used by the debtors in the last 8 years, including married, maiden, trade, and address):

    **Ronald Vincent Tarnowski**
    403 N. Park St.
    Union City, MI 49094
    SSN: xxx–xx–6653
    **Kelly Lyn Tarnowski**
    403 N. Park St.
    Union City, MI 49094
    SSN: xxx–xx–9971

                          **Debtors**

**Case Number 18–04087–swd**

**Chapter 7**

**Honorable Scott W. Dales**

---

## NOTICE OF CONVERSION OF CASE UNDER CHAPTER 13
## TO CASE UNDER CHAPTER 7 TOGETHER WITH RELATED ORDER

PRESENT: Honorable Scott W. Dales
Chief United States Bankruptcy Judge

    Debtors filed a notice of conversion from chapter 13 to chapter 7 in accordance with 11 U.S.C. § 1307(a) on August 18, 2021 , and therefore this case is converted to a chapter 7 case as of that date. The obligations of the chapter 13 Trustee and the Debtors with respect to the conversion are set forth in Fed.R.Bankr.P. 1019.

    The United States Trustee has designated Stephen L. Langeland to serve as the interim trustee in the chapter 7.

    In conjunction with the conversion of this case, IT IS HEREBY ORDERED THAT:

    1. Debtors shall provide W–2 forms to employees (if any) within 30 days of this order.

    2. All orders entered during the chapter 13 proceeding which required the employer of the Debtors to submit monies to the chapter 13 trustee are hereby terminated as of the date of this order.

    3. Any person who has a claim for payment of an administrative expense that arose post–petition but prior to the conversion of the case to chapter 7, and who has not already filed with the Court a request for payment of that administrative expense shall file such a request for payment with the Court (One Division Street North, Grand Rapids, MI 49503) by no later than sixty (60) days from the date this notice and order was served.

    4. The chapter 13 Trustee, within thirty (30) days after all checks written by the Trustee have cleared, shall file an accounting of all receipts and distributions made, as required by Bankruptcy Rule 1019(5)(B).

    5. Section 348(f)(2) of the Bankruptcy Code provides that if the conversion of the chapter 13 case to a chapter 7 case is in "bad faith" then the property of the estate for purposes of the chapter 7 case shall consist of the "property of the estate" as of the date of conversion as opposed to the "property of the estate" as of the date of the original petition that remains in the possession or control of the debtor as of the date of the conversion. Any creditor or other party in interest who contends that Debtors' conversion of the chapter 13 case to a chapter 7 case was in "bad faith" for purposes of 11 U.S.C. § 348(f)(2) shall assert that position in a written motion filed with this Court within thirty (30) days of the service of this order together with a proof of service indicating that service has been made upon the Debtors, the United States Trustee, and the chapter 7 Trustee. Failure to file such a motion within this time may estopp a party in

interest from asserting the protection of Section 348(f)(2).

6. The chapter 13 Trustee shall, pursuant to Bankruptcy Rule 1019(4), forthwith turn over to the chapter 7 Trustee all records of the estate, as well as all property being held by the chapter 13 Trustee that represents "non–wage" income or "non–wage" assets of the Debtors. If the chapter 13 Trustee also holds "wage" income or "wage" assets, the chapter 13 Trustee shall immediately notify the chapter 7 Trustee about the type and source of such property. The chapter 13 Trustee shall continue to hold such "wage" income and "wage" assets until the time within which a Section 348(f)(2) "bad faith" motion may be made pursuant to this order. If a timely motion is filed, then the "wage" income and "wage" assets shall also be turned over to the Chapter 7 Trustee pending further order of this Court. If, however, a timely motion is not filed, then the "wage" income and "wage" assets, together with any other assets not required to be turned over to the chapter 7 Trustee, shall be disbursed by the chapter 13 Trustee pursuant to the Bankruptcy Code, Bankruptcy Rules and applicable law.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005–4 upon the Debtors, the attorney for the Debtors, if appropriate, former chapter 13 trustee, the chapter 7 trustee, the United States Trustee and all parties listed on the matrix herein.

Dated:   August 26, 2021

BY THE COURT

_____

Scott W. Dales
United States Bankruptcy Judge